# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY FRANK WILSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA TUOLUMNE COUNTY,<br><br>　　　　Respondent. | Case No.  1:13-cv-01587-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Petitioner is proceeding pro se with a petition for writ of habeas corpus. Petitioner filed the instant petition on September 26, 2013. At the time he filed his petition, he was apparently awaiting court trial concerning a traffic infraction and facing a fine of $229.00. (See Petition at 1.) He raises several claims regarding the trial court process. For instance, he claims his motions were summarily and capriciously dismissed. He claims he is being wrongfully required to pay the fine before he proceeds to trial. Additionally, he claims the trial court is without jurisdiction because a "gold-fringed" flag is displayed in the courtroom, and such flags are reserved courts of the military.[1]

///

---

[1] As to this additional point, the plaintiff's argument is entirely without any legal foundation or historical accuracy. The jurisdiction of a particular court is not based upon the "fringe" located on a flag, but instead the jurisdiction conferred on it by the appropriate legislative body.

# I.

# DISCUSSION

## A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## B. Younger Abstention

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Because there is no State court judgment here, the Court deems the Petition to have been brought pursuant to 28 U.S.C. § 2241(c)(3), which empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir.2003).

In the instant petition, Petitioner complains he is being denied his constitutional due process rights in proceedings prior to his court trial. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court established that a federal court generally must abstain from hearing a case that would enjoin or otherwise interfere with ongoing state criminal proceedings. Absent limited exceptions, Younger abstention is required if four elements are met: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceedings would interfere with the state proceedings in a way that Younger disapproves. San

Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir.2008); AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148–49 (9th Cir.2007). Exceptions to Younger abstention exist where there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); see Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir.2003).

In this case, the state proceedings are ongoing. Further, Petitioner cannot dispute that the state proceedings pending against him implicate important state interests. Additionally, there is no reason to believe that Petitioner is being denied an adequate and full opportunity to raise his claims in the state courts. Further, Petitioner's habeas petition threatens to interfere with the state proceedings in a manner that Younger disapproves by inserting federal courts into the ordinary course of state proceedings. Finally, no exception to Younger abstention applies. There is no suggestion of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. The Court therefore concludes that Younger abstention requires the dismissal of the petition herein.

**C.   Jurisdiction**

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless," inter alia, "[h]e is in custody in violation of the Constitution or law or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In this case, Petitioner is not "in custody" for purposes of federal habeas corpus. Petitioner complains that he is being fined as a result of a traffic infraction. The imposition of a fine does not satisfy the "custody" requirement. See Bailey v. Hill, 599 F.3d 976 (9th Cir.2010); Dremann v. Francis, 828 F.2d 6, 7 (9th Cir. 1987) (per curiam). Therefore, the Court is without jurisdiction to entertain the petition.

///

///

## II.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DISMISSED with prejudice.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within fourteen (14) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 7, 2014**

UNITED STATES MAGISTRATE JUDGE